JAMES CORNWELL, MARY KALEINOEHU CRAWFORD AND KAMAI KONA *v.* WAILUKU SUGAR COMPANY, A CORPORATION.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

SUBMITTED JULY 3, 1911.                    DECIDED JULY 10, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EVIDENCE—*non-prejudicial error in excluding.*

The exclusion of evidence, in an action of trespass, relating to the extent of the injury caused to the plaintiffs' property is not prejudicial when the jury finds for the defendant and has no occasion to consider the question of damages.

ID.—*admissions against interest—adverse possession.*

Admissions by an alleged adverse claimant of land to the effect that she was in possession by permission of the holder of the paper title are admissible to rebut the claim of adverse possession.

OPINION OF THE COURT BY PERRY, J.

This is an action for trespass, wherein the plaintiffs claim damages for injury alleged to have been caused by the defendant to a certain piece of land situate at Waikapu on the Island of Maui. The case was tried before a jury and a verdict rendered for the defendant. The plaintiffs make thirty-nine assignments of error.

The first is that James Cornwell, one of the plaintiffs, was

not permitted the aid of an interpreter while giving his testimony at the trial. An examination of the transcript satisfies us that he was able to express himself with clearness in the English language and to understand the questions asked. No error was committed in denying the request for an interpreter.

Assignments Nos. 2 to 14, inclusive, relate to the disallowance of certain evidence concerning the value of taro patches and kuaunas destroyed by the defendant. This evidence was admissible, if at all, merely to aid the jury in determining the amount of damages to be awarded to the plaintiffs in case a verdict should be found in their favor. The main issue in the case was whether the title to the land was, at the time of the defendants acts complained of, in the plaintiffs or in the defendant. The verdict shows that this issue was decided in favor of the defendant, and that the question of the amount of damages was not at any time considered by the jury. The error, therefore, if any there was, in the exclusion of the evidence, was not prejudicial.

In assignment No. 15 the refusal of the court to permit an amendment to the declaration concerning the extent of the damages suffered by the plaintiffs in the destruction of certain kuaunas is complained of. For the reason just stated the error, if any, was not prejudicial.

Assignments Nos. 16 and 18. There was evidence tending to show that the plaintiffs James Cornwell and Kamai Kona were the children of Halewale (w), the daughter of Kapu Louzada, and that the plaintiff Mary Crawford was the daughter of Kakalina, who also was a child of Halewale. The plaintiffs' claim was under a deed from Kapu, executed in December, 1894, and was further that Kapu had had adverse possession of the land in controversy for more than the statutory period prior to the execution of the deed, and that after Kapu's death, in or about the year 1896, Halewale, on plaintiffs' behalf, continued to hold adversely against the whole world. One Friel, who had been in the employ of the Waikapu Sugar Co.,

one of the defendant's predecessors in interest, and who had testified that in a certain year "everything went dry on account of a drouth that we had," and that during that year the water "kept the plantation cane alive," was asked, "Did Kapu make any claim of water for the land?" and the answer was that she had not. The admission of this evidence was not error. Plaintiffs' contention was that Kapu's possession was adverse to the Waikapu Sugar Co. as well as to others. It was certainly material to learn whether, during the period of drought, she had made any objection to the use of all the available water by the Waikapu Sugar Co. Another witness was asked to state "what Halewale said to you and what you said to Halewale relative to that land," the answer being, "I put the question to her, how she come to occupy the premises, and she said to me that she occupied the premises under W. H. Cornwell," likewise a predecessor in interest of the defendant. The defendant's claim at the trial was, in opposition to that of the plaintiffs, that Halewale, during the time that she was in possession, was holding, not under the plaintiffs, but under the defendant and with the latter's permission. Evidence of statements of Halewale that she was holding with the permission of the defendant's predecessors was certainly admissible.

Assignments Nos. 24 to 31, inclusive. These relate to the admission of certain deeds offered by the defendant as proof of its chain of title. The claim is that the deed from James Louzada to Henry Cornwell, dated October 1, 1864, "especially reserves from the operation thereof 'the property known as the Richardson premises, consisting of the dwelling house and 2½ acres of land, and being the same lands conveyed to him by the administrators of John Richardson,'" and that since Louzada "retained in himself title to the lands in question the defendant's exhibits Nos. 6 to 11, inclusive" (subsequent links in the chain of title), "had nothing to do with the question involved in this action." The land in controversy is described by metes and bounds in the amended declaration in

this action, and is further described as containing 86-100 of an acre and as "being the same piece of land described in Apana 4, Grant or Patent No. 1673, by Kamehameha to John Richardson." Patent 1673 was introduced in evidence, the description of apana 4 corresponding precisely with that in the declaration save as to the area, which is given as "1.79 acres more or less," and the deed of the administrators of Richardson to James Louzada likewise describes one of the parcels by it conveyed precisely in the language of the description contained in the amended declaration. A deed by James Louzada to Henry Cornwell, dated August 18, 1864, conveys an undivided one-half interest in the land, the description by metes and bounds being given in the same language. A deed by Louzada to Henry Cornwell, dated October 1, 1864, conveys "all my estate, both real and personal, in Waikapu aforesaid, excepting therefrom" (here follows the exception as quoted above). Upon the face of the deed it does not appear that the excepted lot includes the land in controversy. The presumption would seem to be that it relates to a distinct parcel of land.

Assignment No. 32. Plaintiffs requested the court to instruct the jury "You are the judges of the measure of damages, if any, sustained by the plaintiff, if you find for the plaintiff, and you will determine the rule or rules governing the basis or grounds for determining such damages, and in this the court cannot give you rules of law to govern you," and the request was refused, the court giving instructions as to how the damages should be measured in the event of a verdict for the plaintiffs. Of this alleged error it is sufficient to say that it cannot now avail the plaintiffs, since the jury found that they were not entitled to recover any damages.

Assignment No. 33. At the defendant's request the jury was instructed that the defendant had "shown by the evidence a complete paper title to the land in dispute." The point made in support of this assignment appears to be that the deed from Louzada to Cornwell of October 1, 1864, did not purport to con-

vey the land in controversy. This has already been disposed of above.

Of the remaining assignments some have been abandoned and the others are found to be without merit.

The judgment appealed from is affirmed.

*J. Lightfoot* for plaintiffs.

*Kinney, Prosser, Anderson & Marx,* for defendant.